```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

           Case No. 08-61876-Civ-DIMITROULEAS/SNOW
```

SOUTH FLORIDA TIRE BUYERS, INC., d/b/a
WORLD TRADE ASSOCIATION,

       Plaintiff,

       v.

TAIZHOU JULUN TIRE CO., LTD., and
JINCHENG ENTERPRISE INTERNATIONAL, LTD.,

       Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on the plaintiff's Renewed Motion for Enlargement of Time in Which Plaintiff May File Response to Defendant's Renewed Motion to Release Bond (Docket Entry 142), containing a request to compel Jincheng Enterprise International, Ltd. (hereinafter "Jincheng"), to produce Mr. Gormley for deposition, (redocketed at Docket Entry 150), which was referred to United States Magistrate Judge Lurana S. Snow.  Since the Court granted the plaintiff's request for an enlargement of time, making its response due March 20, 2010, the plaintiff seeks to depose Mr. Gormley no later than March 15, 2010.  The parties filed an expedited briefing  regarding the deposition.

On November 21, 2008, the plaintiff filed a trademark infringement complaint against Taizhou Julun Tire Co. (hereinafter "Taizhou"), posted a seizure bond for $168,000.00 and filed a motion for a temporary restraining order for two shipping containers of tires entering the United States through

1

Jacksonville, Florida.  The Court granted the temporary restraining order, followed by entry of a temporary injunction.  Jincheng Enterprise International, Ltd. (hereinafter "Jincheng"), claiming to be the owner of the tires, was granted leave to intervene.  After a period of discovery, the Court determined that the plaintiff's evidence did not support the trademark infringement claims against the seized tires, and ordered the release of the tires.  The Court also granted a motion by Taizhou to enforce an arbitration agreement between the plaintiff and Taizhou for the claims raised in the amended complaint.

Thereafter Jincheng filed a motion for the seizure bond to be released to Jincheng as damages for the improper seizure of its tires.  Jincheng also filed a motion stating that its rights regarding the tires were governed by the agreements between Taizhou and the plaintiff, thus the Court should either allow Jincheng to participate in the arbitration or stay the case until arbitration was completed. After the plaintiff's response to the motion for release of the bond, Jincheng filed the affidavit of Mr. William R. Gormley, a principle of Jincheng, stating that the tires still had not been released, and listing the monetary damages to Jincheng.  The plaintiff objected to this affidavit as untimely.  After a hearing on December 21, 2009, the Court held that Jincheng is the true owner of the tires, but denied without prejudice Jincheng's motion for release of the bond so that the damages could be properly presented to the Court.  The Court also granted Jincheng's motion to stay the case until arbitration was completed.  The case

2

was administratively closed, except for motions concerning release of the bond.

Jincheng then filed a renewed motion for release of the bond asserting that the purpose of the bond is to pay costs and damages sustained to any party found to have been wrongfully enjoined or restrained. Fed.R.Civ.P. 65(c). Mr. Gormley's affidavit details Jincheng's losses and damages from the wrongful seizure of the container of tires: $17,000.00 in unpaid port holding charges;[1] the $153,506.88 fair market value of the tires based on Jincheng's active selling price of the tires when they were seized; the $32,500.00 fair market value of the tires offered in the open market since the order releasing the tires; the $15,350.69 interest on the difference in value based on the statutory rate of 8%, and $41,720.25 in attorneys' fees.

The plaintiff's motion for an extension of time to respond to Jincheng's motion for release of the bond asserts that, before it responds to Jinchengs's motion, it has the right to depose Mr. Gormley since his affidavit was filed in support of Jincheng's claim for damages. <u>Blackwell Publishing, Inc. v. Excel Research Group, LLC</u>, 2008 WL 506329 (E.D. Mich 2008); <u>Wilfong v. Hord</u>, 2007 WL 1057396 (S.D.Ohio 2007). In <u>Blackwell</u>, a named defendant, who was a principal of the defendant corporation, filed and affidavit in support of the defendants' motion for summary judgment. The court held that, in light of the affidavit, a

---

[1] The response notes that on December 23, 2009, the plaintiff was ordered to pay the demurrage charges to secure the immediate release of the tires, but has failed to do so.

deposition of the named defendant must be permitted before the court would consider the motion for summary judgment.  In <u>Wilfong</u> a state prosecutor who was a defendant in a civil rights lawsuit did not seek to dismiss the claim based on absolute prosecutorial immunity.  He filed an answer and participated in discovery. He then filed his affidavit support of the defendants' motion for summary judgment, but refused to be deposed, citing his absolute prosecutorial immunity.  The court held that since the defendant had made a factual submission to the court, the plaintiff was entitled to test the credibility and context of the statements made in the affidavit.

      Jincheng's response opposing the request for the deposition asserts that the plaintiff is not entitled to compel a deposition from a foreign person who resides in China, in a case not set for trial, which was dismissed to allow the parties to engage in arbitration.  Since the case has been dismissed, the proposed deposition would be limited to the facts contained in the affidavit, which can easily be verified without deposing Mr. Gormley.  The port charges can be documented without Mr. Gormley's testimony. The fair market value of the tires prior to the preliminary injunction can be established easily without such testimony. Jincheng contends that if the plaintiff is trying to establish that the fair market value now is more than $32,500.00, then Jincheng will sell the tires to the plaintiff at their stated value to offset the damages claimed in the affidavit.  Jincheng can provide the billing statements for the attorney's fees. Thus the only reason for the deposition is harassment.  Jincheng notes that

in the Middle District of Florida, Local Rule 3.04 prohibits the deposition of a corporate representative of a foreign corporation, except during the week before the trial date. Finally Jincheng suggests, if the Court orders the deposition, that it be held by teleconference, rather than requiring Mr. Gormley to travel to the Florida to give his deposition in a closed case.

The plaintiff's reply contends that even if Jincheng did not bring tires bearing a counterfeit trademark into the United States, its actions in transporting the tires into the United States violated the non-compete and non-circumvention agreements and the Confidentiality Agreement between the plaintiff and Taizhou. Thus Jincheng and Taizhou have caused irreparable harm to the plaintiff. The Court will not consider these arguments in support of the deposition, since these matters are not before the Court and are being pursued in arbitration.

The plaintiff also asserts that the deposition is necessary since the temporary restraining order and the preliminary injunction were issued for two containers of tires, but Mr. Gormely's affidavit is silent about the second container. The two containers arrived on different vessels, and only the first container to arrive was seized. The second container was not seized. (DE 63-1 ¶ 17, declaration of Ray Huffman, the plaintiff's CEO) The plaintiff suggests various reasons for Mr. Gormley's silence: that it would (1) demonstrate Jincheng's contempt of court, (2) show that tires were delivered to a third party thus showing that Jincheng was not the owner of the tires, and/or (3) demonstrate that the value of the tires at delivery to the United

States was substantially less that what Mr. Gormley claims. The Court notes that the plaintiff presented the affidavit and the issues related to the two containers of tires to the Court in the context of the Jincheng's motion to set aside the preliminary injunction.  The Court ruled upon that motion after oral argument by the parties.  The undersigned will not reconsider that argument in the context of Mr. Gormley's affidavit regarding the damages related to the seized tires.

With regard to the issue of damages caused by the seizure of the tires, the plaintiff contends that it is Jincheng's burden to provide evidence of its damages. <u>Intercapital Debt Trading Ltd. v. Cantor Fitzgerald Inc.</u>, 1996 WL 16780 *2 (S.D.N.Y. 1996); <u>LaSalle Capital Group v. Alexander Doll Company, Inc.</u>, 1995 WL 584429 *2 (N.D.Ill. 1995).  The Court notes that neither of these cases discuss the sufficiency of the evidence presented to establish damages.  <u>Intercapital</u> discusses whether the damages were caused by the injunction.  The <u>LaSalle</u> court declined to release the bond because the issue of causation had not been litigated before the plaintiff dismissed the complaint, shortly after the TRO expired, and future litigation on the same facts was likely.  Finally, the Court notes that the plaintiff did not oppose taking the deposition electronically.

The Court finds that Jincheng has the burden of proving the damages it claims as a result of the improper seizure. <u>Alabama v. United States Environmental Protection Agency</u>, 925 F.2d 385, 392 (11th Cir. 1991)(after dissolution of a permanent injunction, the award of damages shall be decided "after affording [the opposing

6

parties] an opportunity to present evidence on the issue of damages." While <u>Blackwell</u> and <u>Wilfong</u> deal with affidavits of fact provided by defendants named in the complaint, and Mr. Gormley is not a named defendant, the cases are instructive on the issue of a party attempting to establish facts based solely on an affidavit. Both cases found that the opposing party was entitled to depose the affiant regarding the facts offered as evidence in the affidavit.

Jincheng has provided no legal authority for its argument that deposition is unwarranted since the plaintiff can easily obtain verified information about Jincheng's claimed damages. Nor did Jincheng's response the plaintiff's motion provide independent support for the affidavit.

While the case was administratively closed, the Court has retained jurisdiction over Jincheng's request for release of the bond to compensate for Jincheng for its damages resulting from the improper seizure of the tires for trademark infringement. Since the issue of damages for a dissolved injunction must be resolved by consideration of evidence from both parties, the plaintiff is entitled to depose Mr. Gormley, but only as to the facts set forth in his affidavit of damages. <u>Blackwell</u>; <u>Wilfong</u>. In light of the plaintiff's request that the deposition take place no later than March 15, 2010, the Court will order that the deposition shall not take place in Florida, but shall be taken by electronic means acceptable to the parties, at a date and time agreed to by the parties. With the Court being advised, it is hereby

ORDERED AND ADJUDGED that the plaintiff's motion to require Jincheng to produce Mr. Gormley for deposition is GRANTED as follows:

1. Mr. Gormley shall be produced for his deposition no later than March 15, 2010. The deposition shall take place at a date and time agreeable to both parties.

2. Mr. Gormley is not required to attend his deposition in Florida. His deposition shall be taken by electronic means acceptable to both parties.

3. The deposition is limited to questions about the facts offered as evidence in the affidavit.

DONE AND ORDERED at Fort Lauderdale, Florida, this 8th day of March, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Brant Collin Hadaway, Esq. (P)
Carlos Fernando Gonzalez, Esq. (P)
Michael Diaz, Jr., Esq. (P)
Elio F. Martinez, Jr., Esq. (D-Taizhou)
Scott Allen Burr, Esq. (D-Taizhou)
Kraig Scott Weiss, Esq. (Intervenor Jincheng)